[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13949
Non-Argument Calendar

_____

D.C. Docket No. 0:15-cr-60055-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERNAN SIXTO ROMERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Hernan Romero appeals his 70-month sentence imposed after he pleaded

guilty to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a).  He

contends that his sentence is substantively unreasonable.

Romero is a citizen of Nicaragua who first came to the United States in 1994. He was deported in 2012, returned, and was deported again in 2013. He returned again, was arrested again, and ultimately pleaded guilty in 2015 to one count of illegal re-entry after deportation. His presentence investigation report revealed his lengthy criminal history, including multiple convictions for violent crimes such as aggravated assault with a deadly weapon and resisting an officer with violence. The PSR calculated a guidelines range sentence of 70 to 87 months. Neither party objected to the PSR.

At his sentence hearing, Romero argued for a downward variance to a 30-month sentence. He asserted that a variance was appropriate because his most recent violent crime conviction was in 2005. He also noted that the majority of his criminal history was related to alcohol, and that he had not had any violent crime convictions after getting his alcohol problem under control. The district court rejected those arguments. After considering Romero's deportations and criminal history, as well as the factors in 18 U.S.C. § 3553(a), it sentenced him to 70 months imprisonment.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. United States v. Irey, 612 F.3d 1160, 1188–89 (11th Cir. 2010) (en banc). District courts have a range of choice in deciding what sentence is reasonable so long as they properly weigh the sentencing factors in

2

§ 3553(a).  Id. at 1188–89.  Romero asserts that § 3553(a) contains a "parsimony command" which the district court violated by imposing a sentence that was greater than necessary to fulfill the purposes of sentencing.  He argues that the district court should have considered how he has changed his behavior since his violent crime convictions and that he re-entered the United States to help his family and avoid violence in Nicaragua.

The district court did not abuse its discretion in sentencing Romero.  To begin with, we "ordinarily expect a sentence within the [g]uidelines range to be reasonable."  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  Romero's sentence is also "well below" the applicable 20-year maximum sentence under 8 U.S.C. § 1326(b)(2) for re-entry after conviction for an aggravated felony.  Id.  The court acknowledged that Romero's arguments for a downward variance had persuasive force, but it found that a guidelines sentence was appropriate given his two deportations and his "deplorable" criminal history, especially so that the sentence would promote respect for the law.  See 18 U.S.C. § 3553(a)(2)(A).  In light of the nature and extent of Romero's criminal history, the district court's emphasis on that factor was not a "clear error in judgment" that requires us to vacate his sentence.  See Irey, 612 F.3d at 1190 (quotation marks omitted).  As for Romero's argument that § 3553(a) contains a "parsimony command," we have explained that the goal of sentencing "is to lock in a sentence that is not too short

3

and not too long, but just right to serve the purposes of § 3553(a)." Id. at 1197.

The district court did not abuse its broad discretion in deciding that a 70-month

sentence would fulfill the purposes of sentencing in Romero's case.

**AFFIRMED.**